UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IDEAVILLAGE PRODUCTS CORP,

                            Plaintiff,                      19-cv-9159 (PKC)

          -against-                          ORDER

123LOPF//V, <u>et al.</u>,

                           Defendants.
----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Ideavillage Products Corp., ("Ideavillage") moves for the entry of default judgment and entry of a permanent injunction against the following twenty-one defendants: 123LOPF//V, ABBYFRANK Store, Ai Xianer, Aidou, CLhelijia, CVMbro2X, Gomech, Gwill, Ireav, Ken Nai Rui Store, Kinue, kouhaivsea, Lihin, Mandy-Store, Mishiner, mrGOOD, Naisidier, pgS2tY, uzqlnx, YeOnRgkxy, and zhuhaishangxinmaoyiyouxiangongsi.[1]  The motion will be granted.

        Ideavillage commenced this action on October 3, 2019, alleging that defendants sell counterfeit products bearing Ideavillage marks and works through online marketplaces including Amazon.  (Complaint; Doc 31-1).  Also on October 3, the Court granted Ideavillage's application for a temporary restraining order and its application to effectuate service of process by alternate means, including through electronic means.  (Doc 31-2).  As to service of process, the Court directed that, pursuant to Rule 4(f)(3), Fed. R. Civ. P., Ideavillage could effectuate service through the delivery of .pdf copies of the summons, complaint and temporary restraining

---

[1] Ideavillage's motion for a default judgment against defendants Giuoke, Miuniu, Pinsparkle, and Yiff-US is denied as moot.  Ideavillage subsequently filed notices of voluntary dismissal against these defendants.  (Docs 38, 40 & 42).  Ideavillage has also filed notices of voluntary dismissal against all other defendants named in the Complaint.

order, or through a link to a secure website where each defendant could download .pdf copies of the same.  (Doc 31-2 at 14).

On November 5, 2019, Ideavillage filed an affidavit of service stating that it had effectuated service of process on all defendants except Gosaer.[2]  (Doc 31-3).

Defendants are alleged to be merchants who advertise, distribute and sell counterfeit Ideavillage products through online platforms including Amazon.com.  (Compl. ¶¶ 6, 24).  They are alleged to be located in China and to conduct business in the United States through user accounts and merchant storefronts on Amazon.  (Compl. ¶ 29). The counterfeit products bear marks of a toy helicopter produced and distributed by Ideavillage called Rocket Copters.  (Compl. ¶ 8).

Subject matter jurisdiction is premised on federal trademark and copyright claims and claims arising out of such claims under 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1131, and 28 U.S.C. § 1338(b).  The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).  (Compl. ¶¶ 1-3).

The Complaint invokes personal jurisdiction pursuant to CPLR 302(a)(3).  (Compl. ¶ 3).  The Complaint annexes at Exhibit D a 462-page exhibit reflecting screenshots of allegedly infringing activities by each defendant, including their sales listings, online "merchant storefronts" and their checkout pages displaying allegedly counterfeit Ideavillage products.   (Doc. 6). Defendants activities include marketing and shipping counterfeit products to consumers in New York.  (Compl. ¶ 30).

A hearing on Ideavillage's motion for a preliminary injunction was held on October 25, 2019.  No defendant appeared.  That same date, the Court issued a Preliminary

---

[2] Ideavillage has since voluntarily dismissed all claims against Gosear.  (Doc 19).

Injunction Order that, among other things, enjoined defendants from manufacturing or selling counterfeit products and otherwise infringing the marks or using the works of Ideavillage.  (Doc 5).

No defendant has answered or appeared.  On March 18, 2020, the Clerk of Court issued a Certificate of Default as to the twenty-one defendants who are subject to this motion. (Doc 27).

Ideavillage alleges three causes of action under the Lanham Act for trademark counterfeiting, trademark infringement, and false designation of origin; federal copyright infringement; and unfair competition under New York common law.  With respect to the Ideavillage's Lanham Act claims, the Court looks to whether the mark "is entitled to protection" and to whether use of the mark "is likely to cause consumers confusion as to the origin or sponsorship of the products  . . . ."  Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 168 (2d Cir. 2016) (quotation marks and citation omitted).  Ideavillage alleges that it possesses a trademark registration for Rocket Copters and annexed a copy of the registration certificate.  (Compl. ¶ 11 and Ex. B).  The Complaint further demonstrates that the counterfeit products generate consumer confusion and that the counterfeit products' packaging shown on defendants' sales listings is virtually identical to the Rocket Copter products.  (Compl. ¶¶ 37-42). Because the elements for unfair competition under New York common law are satisfied when a plaintiff states a claim for use of a counterfeit trademark under the Lanham Act, the foregoing also establishes liability for plaintiff's unfair competition claim.  See WowWee Group Ltd. v. Meirly, No. 18-cv-706 (AJN), 2019 WL 1375470, at *8 (S.D.N.Y. Mar. 27, 2019).

To establish liability for copyright infringement, a plaintiff must prove "ownership of a valid copyright" and "copying of constituent elements of work that are original."

Boisson v. Banian, Ltd., 273 F.2d 262, 267 (2d Cir. 2011) (quoting Feist Publishing, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).  The Complaint alleges that Ideavillage secured certificates of copyright registration covering Rocket Copters' packaging and have attached the certificates to the Complaint.  (Compl. ¶ 17 and Ex. C).  For the same reasons as discussed above for the Lanham Act claims, the Complaint alleges the counterfeit products copied Ideavillage's packaging and that they are substantially similar to the Rocket Copter products.

When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted.  See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  The Court deems the allegations of Ideavillage's plausibly alleged complaint to have been admitted by each defendant listed in Exhibit D to the Complaint.  A default judgment as to liability will be entered.  As to remedies, Ideavillage seeks relief in the form of a permanent injunction and an award of statutory damages.

"The party requesting permanent injunctive relief must demonstrate (1) irreparable harm . . . and (2) actual success on the merits."  Ognibene v. Parkes, 671 F.3d 174, 182 (2d Cir. 2011).  Ideavillage has established success on the merits due to the entry of the default judgment against defendants as to liability.  See Ideavillage Prod. Corp. v. Bling Boutique Store, No. 16-CV-9039 (KMW), 2018 WL 3559085, at *5 (S.D.N.Y. July 24, 2018). The allegations in the Complaint further are sufficient to demonstrate irreparable harm.  See, e.g., Really Good Stuff, LLC v. BAP Investors, L.C., 813 Fed. App'x 39, 44 (2d Cir. 2020) (consumer confusion and loss of goodwill demonstrate irreparable harm) (summary order).  As described in the Complaint, defendants' counterfeit products are "nearly indistinguishable" from Ideavillage's products and "no ordinary consumer would recognize" the differences, resulting in consumer confusion as to the counterfeits' origins.  (Compl. ¶¶ 33-37).  Further, defendants'

activities threaten Ideavillage's goodwill and control over its marks and trade dress, and the nature of defendants' conduct is evidence of willfulness.

A permanent injunction against defendants' infringing activities is therefore appropriate. The terms of the preliminary injunction will be adopted as a permanent injunction as to the defaulting defendants.

As to statutory damages, the Lanham Act provides for an award of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just . . . ." 15 U.S.C. § 1117(c)(1).[3]  Where willfulness is demonstrated, a maximum award of $2,000,000 per counterfeit mark per type of good sold may be awarded. Id. § 1117(c)(2). Ideavillage seeks an award of $50,000 against each defaulting defendant, plus post-judgment interest. It expressly urges that the Court need not conduct an inquest on damages. (Yamali Dec. ¶ 36; Doc 31).

"Where defendants have engaged in willful counterfeiting of the plaintiff's marks, the Court looks to the following factors, borrowed from cases under the Copyright Act, to determine the 'just' amount of statutory damages for the defaulting defendants' willful infringement: '(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright or, by analogy, trademark; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.'" Smart Study Co. v. lizhiwangluo16, 2020 WL 3639659, at *6 (S.D.N.Y. July 6, 2020) (Koeltl, J.) (quoting Coach, Inc. v. O'Brien, 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012) (Oetken, J.)).

---

[3] Ideavillage stated that it elects to seek statutory damages solely under the Lanham Act for trademark infringement and not under the Copyright Act. (Doc 32 at 10 n.1).

A defendant's failure to appear weighs heavily as to the sixth factor, and the sales of counterfeit items through online platforms supports an inference of a "broad scope of operations" on the first and second factors, even whereas here evidence of actual damages is limited.  Id.  Plaintiffs obtained in discovery records from Amazon showing documented sales of counterfeit products through that platform by some of defendants.  (Docs 31 ¶ 28; 31-5).  While the Complaint alleges defendants' sell counterfeit products through online marketplaces other than Amazon, both the focus of the allegations and Exhibit D to the Complaint describe allegedly infringing conduct utilizing Amazon.  But the Amazon data submitted by Ideavillage does not indicate substantial sales, and for some defendants, does not show any sales.  Statutory damages do not require Ideavillage to prove damages with reasonable certainty; however, the Court may consider sales of counterfeit products under factors one and two above.  This is weighted against Ideavillage's inability to engage in party discovery and therefore calculate the profits earned and lost revenue from the sales of counterfeit products, and the fact that selling counterfeit products online can support a broad scope of operations across multiple platforms.  For the fourth, fifth and seventh factors, the willfulness of defendants' conduct supports the deterrent and punitive goals of these factors.  Smart Study Co., 2020 WL 3639659, at *6.  On the third factor, Ideavillage has credibly alleged that its Rocket Copter marks are valuable and well-known among retail consumers, and that the "Rocket Copter Products have achieved great success since their initial introduction." (Compl. ¶¶ 7-10).

Given these factors, the wide range of statutory damages permissible under the Lanham Act, and the direction of section 1117 that such damages should be awarded as "the court considers just," the Court concludes that statutory damages in the amount of $25,000 per defendant is just and appropriate.  Damages of $25,000 is also consistent with recent awards in

similar cases where a plaintiff alleged infringement of toy products.  See, e.g., Mattel, Inc. v. 1622758984, No. 18-CV-8821 (AJN), 2020 WL 2832812, at *7 (S.D.N.Y. May 31, 2020) ($25,000 in statutory damages for defaulting defendants with fewer than 10 sales of counterfeit products in action involving children's toys); WowWee Grp. Ltd. v. Haoqin, No. 17-cv-9893 (WJP), 2019 WL 1316106, at *4 (S.D.N.Y. Mar. 22, 2019) ($25,000 in statutory damages for each defaulting defendant in action involving children's toys); see also WowWee Grp. Ltd. v. Meirly, No. 18-CV-706 (AJN), 2019 WL 1375470, at *10 (S.D.N.Y. Mar. 27, 2019) ("[C]ourts in this district have issued awards far below the statutory maximum, ranging in amounts from $25,000 to $50,000 for what are generally 'small-scale counterfeiting operations' to up to $ 1 million when 'there was reason to believe that the defendant's sales were substantial . . . .'").  A damages award of $25,000 against each defaulting defendant is appropriate given the defendants' willfulness, the value of the Ideavillage marks, the difficulty in ascertaining actual damages in light of defendants' failure to appear, and the need to punish defendants and deter other prospective wrongdoers.

The Court grants Ideavillage's request for inclusion in the judgment of a continuation of the pre-judgment restraint on the transfer of defendants' assets and an order that such assets in the hands of affected third-parties be transferred to Ideavillage in satisfaction of the judgment, provided that the amount seized and transferred shall not exceed the amount of the judgment plus any accrued post-judgment interest.  "[C]ourts in this district routinely order transfers of infringing defendant's frozen assets to plaintiffs . . . relying on the authority to issue injunctive relief under Rule 64, [Fed. R. Civ. P.], § 1116(a) of the Lanham Act, and 'this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief.'"  Off-White LLC v. ^ ^Warm House^ ^ Store, No. 17-cv-8872 (GBD) (GWG), 2019 WL 418501, at

*6 (S.D.N.Y. Jan. 17, 2019) ((quoting Gucci Am., Inc. v. Curveal Fashion, No. 09-cv-8458 (RJS), 2010 WL 308303, at *5-*6 (S.D.N.Y. Jan. 20, 2010)); see also Smart Study, 2020 WL 3639659, at *8 ("The provisions of the judgments concerning the continuance of the current asset restraint as well as post-judgment asset restraints are appropriate in these cases under Federal Rules of Civil Procedure 64 and 65, 15 U.S.C. § 1116(a), this Court's inherent equitable powers . . . ."); Spin Master Ltd. v. Alan Yuan's Store, 325 F. Supp. 3d 413, 427 (S.D.N.Y. 2018) (court ordered continuing asset restraint and awarded transfer of frozen assets in full or partial satisfaction of damages).  Because of defendants' defaults there is a serious risk that enforcement of the judgment will be frustrated in the absence of such relief.

There is no need for the Court to act on Ideavillage's request for post-judgment interest.  Interest accrues as a matter of law on a judgment without further judicial action.[4]

CONCLUSION

Ideavillage's motion for entry of a default judgment is GRANTED as to the following defendants: 123LOPF//V, ABBYFRANK Store, Ai Xianer, Aidou, CLhelijia, CVMbro2X, Gomech, Gwill, Ireav, Ken Nai Rui Store, Kinue, kouhaivsea, Lihin, Mandy-Store, Mishiner, mrGOOD, Naisidier, pgS2tY, uzqlnx, YeOnRgkxy, and zhuhaishangxinmaoyiyouxiangongsi.

Statutory damages in the amount of $25,000 is awarded against each defaulting defendant.  Ideavillage shall be entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). The injunctive relief set forth in the Court's Preliminary Injunction Order of October 25, 2019

---

[4] Post-judgment interest runs "on any money judgment in a civil case recovered in a district court . . . [to] be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).

shall be entered as a permanent injunction.  The asset restraint previously entered will remain in effect, and Ideavillage may submit a proposed order effectuating at transfer of the restrained assets of each defendant to Ideavillage up to but not exceeding the amount of damages imposed upon the particular defendant.

        Within seven days, Ideavillage shall submit a Proposed Final Judgment reflecting the monetary, injunctive, and other relief as set forth above.  Ideavillage shall separately submit a letter explaining whether there are any remaining issues in this action or whether any remaining claims may be dismissed without prejudice and the case closed.

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 21, 2020